ABRAHAM COLES v. THE CELLULOID MANUFACTURING COMPANY.

The act of March 5th, 1874 (*Rev.*, *p.* 576,) providing that in case of fire, without fault of the lessee, the rent is to cease until the building is repaired, and, if the building is destroyed, the lease to end, cannot alter the terms, or in any wise control a lease containing an express and absolute promise to pay the rents reserved, made prior to the passage of the act.

On demurrer to pleas.

Argued at February Term, 1877, before BEASLEY, CHIEF JUSTICE, and Justices KNAPP, DIXON and REED.

For the plaintiff, *John W. Taylor.*

For the defendants, *C. Parker* and *R. W. Parker.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This is a plea of covenant broken. The deed is dated on the 1st day of November, 1872, and is for the demise of certain premises, and it contains an express and absolute promise to pay the rents reserved. The breaches laid are the non-payment of sundry of such rents.

The second, third, and fourth pleas have been demurred to, and each of these alleges, in substance, that subsequently to the making of the lease, and during the term, and at a certain day, which is named, the premises "were totally destroyed," and that the rent due by the terms of the demise, up to that event, was paid.

No prescript of the common law seems more completely fixed, if a multitude of decisions is to have that effect, than the rule that when a lessee covenants, in an unrestricted form, to repair, or to pay the rent reserved, he is to be held, literally, to the fulfilment of his covenant, although the buildings upon the premises have been destroyed by the public enemy, or by lightning, or other inevitable force of nature. In such cases, it is said, the tenant's obligation arises out of his own direct and positive undertaking; and if hardship ensues, as it has been self-imposed, even equity will not relieve against it. This principle is the groundwork of the judgment of this court, in the case of *School Trustees of Trenton* v. *Bennett*, 3 *Dutcher* 513, and I deem it entirely unnecessary to refer to any other case upon the subject.

The counsel of the defendant, who has interposed the defence embodied in these pleas, has not favored the court with his views; but it is presumed that no intention was entertained to gainsay the rule of law just stated, and that the purpose of the course adopted was to obtain a construction of the recent supplement to the "act concerning landlords and tenants." *Rev., p.* 576.

The statute thus indicated was passed on the 5th day of March, 1874, and enacts, "that whenever any building or buildings erected on leased premises, shall be injured by fire, without the fault of the lessee, the landlord shall repair the same as speedily as possible, or, in default thereof, the rent shall cease until such time as such building or buildings shall be put in complete repair; and in case of the total destruction of such building or buildings, by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth the lease shall cease and come to an end; *provided always*, that this section shall not extend to or apply to cases where the parties have otherwise stipulated in their agreement of lease."

But this statute can have no effect at this hearing, for, as it was enacted after the execution of the deed now in suit, it cannot alter its terms, or in any wise control it. The stipulations of this demise, like those of every other agreement, are under the protection of the federal constitution, with respect to legislative interference; and the contention, therefore, would be obviously inadmissible, that the covenant of the tenant, which, as has been said, was to pay the rent for the whole term, can, by this posterior statute, be cut down into a covenant to pay only for such part of the term as the building shall remain undestroyed. To change the legal effect of a contract, is to impair it, within the sense of the constitutional safeguard. The statute in question has no application to the present suit, and, consequently, the plaintiff must have judgment on these demurrers.